United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-60217

LYNETTE CHARPENTIER, Widow of Zeby Charpentier, Jr.
     Petitioner,

v.

ORTCO CONTRACTORS; LOUISIANA WORKERS' COMPENSATION CORP.;
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,
     Respondents.

Appeal from Administrative Decision
of the Benefits Review Board
BRB No. 04-0962

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:

The petitioner sought and obtained a compensation award from an Administrative

Law Judge (ALJ) and the Benefits Review Board (BRB), but this court vacated the award.

Petitioner now claims that she is entitled to compensation from the time we vacated the

award until the time the Supreme Court denied her petition for writ of certiorari, or

alternatively, until the time we denied her petition for rehearing. The BRB concluded that

the petitioner's entitlement to her award ended on the date this court issued its opinion

vacating the award. We reverse.

After her husband died of a heart attack while working for Ortco, Lynne Charpentier sought an order directing the payment of death benefits and coverage for funeral expenses under the Longshore and Harbor Workers' Compensation Act (LHWCA).[1] An ALJ initially denied Charpentier's request, but the BRB vacated the ALJ's initial decision and remanded for further proceedings. On remand, the ALJ awarded benefits and the BRB subsequently affirmed the award. Ortco appealed to this court[2] pursuant to 33 U.S.C. § 921(c), which allows "[a]ny person adversely affected or aggrieved by a final order of the Board [to] obtain review of the order from the court of appeals for the circuit in which the injury occurred."[3] On May 21, 2003, we vacated the BRB's orders and remanded the case. Ortco ceased paying benefits to Charpentier on the same day we issued our opinion. Charpentier later sought compensation for the period from the date we issued our opinion in *Charpentier I* until December 1, 2003, the day the Supreme Court denied Charpentier's petition for writ of certiorari. She argued that 33 U.S.C. § 921(c) required Ortco to continue paying benefits until the Supreme Court denied certiorari. The ALJ rejected her claim, and the BRB affirmed. Charptentier appeals.

The issue is the date on which Ortco was no longer obligated to pay benefits. Section 921(c) provides:

> Any person adversely affected or aggrieved by a final order of the Board

---

[1] 33 U.S.C. § 909 (2000).

[2] *Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283 (5th Cir. 2003) (*Charpentier I*).

[3] 33 U.S.C. § 921(c) (2000).

may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28. Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified. The orders, writs, and processes of the court in such proceedings may run, be served, and be returnable anywhere in the United States. *The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the court.* No stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier. The order of the court allowing any stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that irreparable damage would result to the employer, and specifying the nature of the damage.[4]

Charpentier argues that, in the absence of any stay order from this court, Ortco was required to continue the payments until the Fifth Circuit's decision was "final." Charpentier claims that the decision was "final" when the Supreme Court denied her petition for writ of certiorari. Ortco claims that once this court vacated the BRB's orders, there was no longer any "award" under which Ortco was obligated to pay benefits.

This case presents an issue of first impression for this circuit. The parties cite no authority for their respective positions, and we are aware of none. Instead, both parties rely on what they consider to be a "plain reading" of section 921(c). Charpentier argues that there cannot be a "final decision in any such proceeding" until the time for filing an appeal

---

[4]*Id.* (emphasis added).

of the court's opinion has run or until the Supreme Court issues a denial of a petition for writ of certiorari. There is some support for this viewpoint in other contexts. For example, a conviction does not become final until either the time for further appeal runs or the Supreme Court denies a writ of certiorari.[5]

Section 921(c), however, addresses the point at which a "*decision* in any such proceeding becomes final," not the point at which the *award* becomes final. While Congress has elsewhere used different language,[6] section 921(c) nonetheless references the "final decision" from the court of appeals. It does not refer to the final resolution of the petitioner's request for benefits, which includes proceedings, if any, before the Supreme Court. We note that in section 921(d) Congress discusses an "award . . . that has become final."[7] If Congress had intended to require the payment of benefits until the final disposition of the award, it could have used similar language in section 921(c). Instead, it referred to a "final decision in any such proceeding." The reference to "such proceeding" is to the proceeding in a court of appeals. We therefore reject Charpentier's argument that Ortco was required to pay benefits until the Supreme Court denied her petitioner for certiorari.

---

[5]*See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 272 (2005) (conviction became final when Supreme Court denied petition for certiorari); *Linkletter v. Walker*, 381 U.S. 618, 622, n.5 (1965) (conviction became final when "judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ."), *overruled on other grounds by Griffith v. Kentucky*, 479 U.S. 314 (1987).

[6]16 U.S.C. § 823b(d)(4) (2000) ("The Commission may compromise, modify, or remit . . . any civil penalty . . . at any time prior to *a final decision by the court of appeals* . . . .") (emphasis added).

[7]33 U.S.C. § 921(d) (2000).

On the other hand, we also reject Ortco's argument that there was no longer any "award" on the date we issued our opinion. This court retains control over an appeal until we issue a mandate.[8] Before our mandate issues, we have the power to alter or modify our judgment.[9] Accordingly, our decision is not final until we issue a mandate.[10] Under 921(c), Ortco was required to continue paying benefits until we issued a stay order or reached a final decision "affirming, modifying, or setting aside" the BRB's order. This occurred on July 10, 2003, the day we issued our mandate in *Charpentier I.* We hold that Ortco was required to continue paying benefits until this date. We REVERSE and REMAND to the BRB for further proceedings.

---

[8]*First Gibraltar Bank v. Morales*, 42 F.3d 895, 897 (5th Cir. 1995) (per curiam).

[9]*Id.*

[10]*See Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir. 1989) ("'An appellate court's decision is not final until its mandate issues.'") (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir.1988)); *Flagship Marine Servs. v. Belcher Towing Co.*, 23 F.3d 341, 342 (11th Cir. 1994) (per curiam) ("Until the mandate issues, an appellate judgment is not final; the decision reached in the opinion may be revised by the panel, or reconsidered by the en banc court, or *certiorari* may be granted by the Supreme Court.").