ORDER:
This case was voted en banc by a duly constituted quorum of the court consisting of nine members in regular active service who are not disqualified. Fed. R.App. P. 35(a); 28 U.S.C. § 46(d).
The grant of rehearing en banc in this case “vacate[d] the panel opinion and judgment of the court and stay[ed] the-mandate.” 5th Cir. R. 41.3.; see also Thompson v. Connick, 578 F.3d 293 (5th Cir.2009) (en banc) (same).
After the en banc court was properly constituted, new circumstances *1054 arose that caused the disqualification and recusal of one of the nine judges, leaving only eight judges in regular active service, on a court of sixteen judges, who are not disqualified in this en banc case. Upon this recusal, this en banc court lost its quorum. Absent a quorum, no court is authorized to transact judicial business. See Nguyen v. United States, 539 U.S. 69, 82 n. 14, 123 S.Ct. 2130, 156 L.Ed.2d 64 (2003) (quoting Tobin v. Ramey, 206 F.2d 505, 507 (5th Cir.1953)).
The absence of a quorum, however, does not preclude the internal authority of the body to state the facts as they exist in relation to that body, and to apply the established rules to those facts.
In arriving at our decision, directing the clerk to dismiss this appeal, this en banc court has considered and rejected each of the following options:
1. Asking the Chief Justice to appoint a judge from another Circuit pursuant to 28 U.S.C. § 291. We have rejected this argument as precluded by our precedent, United States v. Nixon, 827 F.2d 1019 (5th Cir.1987), and because § 291 provides an inappropriate procedure, unrelated to providing a quorum for the en banc court of a circuit.
2. Declaring that there is a quorum under the provisions of Federal Rule of Appellate Procedure 85(a). We believe that a quorum is properly defined under 28 U.S.C. § 46 as constituting a majority of the judges of the entire court who are in regular active service, and not as a body of the non-recused judges of the court, however few.
3. Adopting the Rule of Necessity. The Rule of Necessity — allowing disqualified judges to sit — is not applicable in this case because it would be inappropriate to disregard the disqualification of the judges of this Court when the appeal may be presented to the Supreme Court of the United States for decision. Moreover, there is no established rule providing that an en banc court lacking a quorum, may disregard recusals and disqualifications of all judges so that an en banc court may be formed. Nor is there any method to select one particular judge among the several disqualified judges in order to provide a bare minimum for a quorum.
4. “Dis-enbancing” the case and ordering the panel opinion reinstated, and issuing the mandate thereon. This case was properly voted en banc. The panel opinion and the judgment of the panel were lawfully vacated. Without a quorum to conduct any judicial business, this en banc court has no authority to rewrite the established rules of the Fifth Circuit for this one case and to order this case, properly voted en banc, “disenbanced.” Moreover, we have no authority to interpret a plainly applicable rule as simply a blank, on grounds that “it was not designed to apply” to a situation where its terms have undisputed application.
5. Holding the case in abeyance until the composition of the court changes. It is purely speculative as to when the current vacancy on this court will be filled and it is, of course, unknown whether that judge may also be recused. Furthermore, we have no way of knowing when another sitting judge in regular active service of the Court may become “undisqualified” or indeed whether another judge of this en banc court may become disqualified to sit further. The Wright and Miller treatise has observed:
Any decision of this character, however, should be made as promptly as possible; delay that spans several months and the addition of new judges, and that creates at least the appearance of a decision that could *1055 not have been reached earlier, should be avoided at all costs.
16AA Wright & Miller § 3981.3, at 448 (2008) (emphasis added).
In sum, a court without a quorum cannot conduct judicial business. This court has no quorum. This court declares that because it has no quorum it cannot conduct judicial business with respect to this appeal. This court, lacking a quorum, certainly has no authority to disregard or to rewrite the established rules of this court. There is no rule that gives this court authority to reinstate the panel opinion, which has been vacated. Consequently, there is no opinion or judgment in this case upon which any mandate may issue. 5th Cir. R. 41.3.
Because neither this en banc court, nor the panel, can conduct further judicial business in this appeal, the Clerk is directed to dismiss the appeal.
The right of individual judges to write further after entry of this Order is preserved.
The parties, of course, now have the right to petition the Supreme Court of the United States.
W. EUGENE DAVIS, Circuit Judge, dissents with reasons, joined by CARL E. STEWART, Circuit Judge.
DENNIS, Circuit Judge, dissents with reasons.