**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2013

Lyle W. Cayce
Clerk

No. 12-60291

NED COMER; BRENDA COMER; ERIC HAYGOOD; BRENDA HAYGOOD; LARRY HUNTER; SANDRA L. HUNTER; MITCHELL KISIELEWSKI; JOHANNA KISIELEWSKI; ROSEMARY ROMAIN; JUDY OLSON; DAVID LAIN,

Plaintiffs - Appellants

v.

MURPHY OIL USA, INCORPORATED; SHELL OIL COMPANY; CHEVRON U.S.A. INCORPORATED; EXXONMOBIL CORPORATION; BP AMOCO CHEMICAL COMPANY; BP AMERICA PRODUCTION COMPANY; BP ENERGY COMPANY; BP PRODUCTS NORTH AMERICA, INCORPORATED; PLACID OIL COMPANY; KERR-MCGEE OIL & GAS CORPORATION; TOTAL PETROCHEMICALS USA, INCORPORATED; CONOCOPHILLIPS COMPANY; ATLANTIC RICHFIELD COMPANY; PIONEER NATURAL RESOURCES USA, INCORPORATED; OCCIDENTAL CRUDE SALES, INCORPORATED; OCCIDENTAL ENERGY MARKETING, INCORPORATED; TOTAL GAS & POWER NORTH AMERICA, INCORPORATED; HESS CORPORATION; ANADARKO PETROLEUM CORPORATION; APACHE CORPORATION; BURLINGTON RESOURCES OFFSHORE, INCORPORATED; AEP GENERATING COMPANY; COLUMBUS SOUTHERN POWER COMPANY, doing business as AEP Ohio; OHIO POWER COMPANY, doing business as AEP Ohio; SOUTHWESTERN ELECTRIC POWER COMPANY; AEP TEXAS CENTRAL COMPANY; AEP TEXAS NORTH COMPANY; APPALACHIAN POWER COMPANY; INDIANA MICHIGAN POWER COMPANY; KENTUCKY POWER COMPANY; PUBLIC SERVICE COMPANY OF OKLAHOMA; ALABAMA POWER COMPANY; GEORGIA POWER COMPANY; GULF POWER COMPANY; SOUTHERN POWER COMPANY; TENNESSEE VALLEY AUTHORITY; XCEL ENERGY, INCORPORATED; NORTHEN STATES POWER COMPANY OF MINNESOTA; NORTHERN STATES POWER

No. 12-60291

COMPANY OF WISCONSIN; PUBLIC SERVICE COMPANY OF COLORADO; SOUTHWESTERN PUBLIC SERVICE COMPANY; CINERGY CORPORATION; DUKE ENERGY CORPORATION; LG&E ENERGY, INCORPORATED; LG&E POWER, INCORPORATED; KENTUCKY UTILITIES COMPANY; WESTERN KENTUCKY ENERGY CORPORATION; CAROLINA POWER & LIGHT COMPANY, doing business as Progress Energy Carolinas, Incorporated; FLORIDA POWER CORPORATION, doing business as Progress Energy Florida, Incorporated; AMEREN ENERGY GENERATING COMPANY; UNION ELECTRIC COMPANY, doing business as Ameren UE; AMEREN ENERGY RESOURCES COMPANY; AMEREN ENERGY FUELS AND SERVICES COMPANY; CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, doing business as Ameren CIPS; AMEREN ENERGY MARKETING COMPANY; ENTERGY CORPORATION; VIRGINIA ELECTRIC AND POWER COMPANY; DOMINION ENERGY, INCORPORATED; NEXTERA ENERGY, INCORPORATED; FLORIDA POWER & LIGHT COMPANY; THE AES CORPORATION; ARCH COAL, INCORPORATED; INTERNATIONAL COAL GROUP, INCORPORATED; ALPHA NATURAL RESOURCES, INCORPORATED; CONSOL ENERGY, INCORPORATED; FOUNDATION COAL HOLDINGS, INCORPORATED; MASSEY ENERGY COMPANY; WESTMORELAND COAL COMPANY; PEABODY ENERGY CORPORATION; RIO TINTO ENERGY AMERICA, INCORPORATED; THE NORTH AMERICAN COAL CORPORATION; OHIO VALLEY COAL COMPANY; BHP MINERALS INTERNATIONAL, INCORPORATED; EI DUPONT DENEMOURS & COMPANY; HONEYWELL INTERNATIONAL, INCORPORATED; DOW CHEMICAL COMPANY, INCORPORATED; AMEREN ILLINOIS COMPANY,

Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

Before STEWART, Chief Judge, and BARKSDALE and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

2

No. 12-60291

A group of Mississippi Gulf Coast residents and property owners ("Plaintiffs") alleged that emissions by energy companies ("Defendants") contributed to global warming, which intensified Hurricane Katrina, which, in turn, damaged their property. The district court dismissed their claims with prejudice. A panel of this court reversed, in part, the district court's dismissal. Before mandate could issue, a majority of this court's active, unrecused judges voted for rehearing en banc. After the en banc vote, but before rehearing, an additional judge was recused. This court determined that it lacked quorum to proceed, and dismissed the appeal. The Supreme Court denied Plaintiffs' petition for a writ of mandamus.

The same group of Gulf Coast residents and property owners ("Appellants") filed what they concede are essentially several of the same claims, against many of the same energy companies ("Appellees"), in the same district court. The district court held, among other things, that the doctrine of res judicata barred their claims. We AFFIRM on the basis of res judicata.

## I. Facts and Proceedings

Plaintiffs first filed suit in the Southern District of Mississippi in 2005, alleging that emissions by energy company Defendants "[c]ause[d]" global warming which, increased the "[d]estructive [c]apacity" of Hurricane Katrina, which, in turn, damaged the class members' property. Plaintiffs asserted claims of public and private nuisance, trespass, negligence, unjust enrichment, fraudulent misrepresentation, and civil conspiracy against the companies.

The district court dismissed the case with prejudice, holding that Plaintiffs lacked standing, and that their claims were not justiciable under the political questions doctrine.

A panel of this court reversed and remanded, in part, the district court's decision. *Comer v. Murphy Oil USA*, 585 F.3d 855, 879-80 (5th Cir. 2009). The panel held that Plaintiffs had standing to bring claims for nuisance, trespass,

and negligence. *Id.* The panel also held that these claims were justiciable under the political questions doctrine. *Id.* at 880. The panel dismissed Plaintiffs' remaining claims for lack of standing. *Id.* at 879-80.[1]

Before the panel opinion's mandate issued, six of this court's nine active, unrecused judges—seven of this court's then-sixteen active judges were recused—voted to rehear the case en banc, in the process vacating the panel's opinion under then-Fifth Circuit Rule 41.3.[2] However, before the en banc court reheard the case, an additional judge was recused, leaving only eight active, unrecused judges.

Five of the remaining eight judges issued an order dismissing the appeal for lack of a quorum. *Comer v. Murphy Oil USA*, 607 F.3d 1049, 1053-55 (5th Cir. 2010). They reasoned that "[a]bsent a quorum"—that is, less than a majority of "all circuit judges in regular active service," 28 U.S.C. § 46(c)—"no court is authorized to transact judicial business." *Id.* at 1054. They explained that "[t]he absence of a quorum, however, does not preclude the internal authority of the body to state the facts as they exist in relation to that body, and to apply the established rules to those facts." *Id.* Finally, they observed that "[t]he parties, of course, now have the right to petition the Supreme Court of the United States." *Id.* at 1055.[3]

---

[1] A special concurrence would have affirmed on the alternative basis that Plaintiffs did not "establish that the defendant's actions were a proximate cause of the plaintiffs' alleged injuries." *Comer*, 585 F.3d at 880.

[2] Then-Rule 41.3 provided: "Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate." Rule 41.3 since has been amended to add: "If, after voting a case en banc, the court lacks a quorum to act on the case for 30 consecutive days, the case is automatically returned to the panel, the panel opinion is reinstated as an unpublished (and hence nonprecedential) opinion, and the mandate is released. To act on a case, the en banc court must have a quorum consisting of a majority of the en banc court as defined in 28 U.S.C. § 46(c)."

[3] Dissenting judges questioned the existence and adequacy of appellate review of the district court's judgment. *See Comer*, 607 F.3d at 1055-66.

No. 12-60291

Plaintiffs filed a petition for a writ of mandamus to the Supreme Court, seeking review of this court's dismissal of the appeal. Plaintiffs argued in their petition, which spanned thirty-six pages, that this court defaulted on its "constitutional duty to decide th[e] appeal."[4] The Supreme Court denied the petition. *In re Comer*, 131 S. Ct. 902 (2011).

The same group of Gulf Coast residents and property owners filed a new complaint in the Southern District of Mississippi in 2011.[5] They asserted nuisance, trespass, and negligence claims arising from Hurricane Katrina against many of the same energy companies.[6] They acknowledged that "this cause of action was filed originally" in 2005.

The same district court again dismissed their claims. The district court held: that their claims were barred by the doctrine of res judicata, and the applicable statute of limitations; that their claims raised nonjusticiable political questions; that their claims were preempted by the Clean Air Act; that they could not establish proximate causation; and that they lacked Article III standing.

## II. Standard of Review

"The res judicata effect of a prior judgment is a question of law that we review *de novo*." *Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Tex. Wyo.*

---

[4] Plaintiffs acknowledged in their petition that the district court's judgment was a "final decision."

[5] The parties do not dispute that the 2011 complaint created a new case ("*Comer II*") that is distinct from the case ("*Comer I*") created by the 2005 complaint. Indeed, the district court assigned *Comer I* and *Comer II* different case numbers.

[6] Appellants named as defendants eighty-four energy companies, of which twenty-four had been named in the operative third amended complaint in *Comer I*. They had tried to name the remaining fifty-nine defendants in a proposed fourth amended complaint in *Comer I*.

No. 12-60291

*Drilling, Inc.*), 647 F.3d 547, 550 (5th Cir. 2011) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).[7]

### III. Res Judicata

"From time immemorial the courts have held that a judgment, valid on its face, cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record." *Iselin v. Meng*, 307 F.2d 455, 457 (5th Cir. 1962) (quoting *Iselin v. La Coste*, 147 F.2d 791, 794 (5th Cir. 1945)).  This principle "that controversies once decided shall remain in repose," known as res judicata, "does not depend upon whether or not the prior judgment was right." *Meng*, 307 F.2d at 457 (quoting *Rubens v. Ellis*, 202 F.2d 415, 418 (5th Cir. 1953)); *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."); *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004) ("[E]ven an incorrect judgment is entitled to *res judicata* effect.").  The "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." *Moitie*, 452 U.S. at 398-99 (quoting *Reed v. Allen*, 286 U.S. 191, 201 (1932)).

This "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive

---

[7] Because we affirm on the basis of res judicata, we do not address Appellants' other claims. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000).

No. 12-60291

effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").[8]  We can affirm on the basis of either doctrine. *See Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382, 391 (5th Cir. 2000).

True res judicata "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Singh*, 428 F.3d at 571.  The parties only dispute the third element: whether the prior action was (i) a final judgment and (ii) on the merits.

## A. Final Judgment

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Moitie*, 452 U.S. at 398.  "[E]ven if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, *so long as the judgment in the first suit remains unmodified.*" *Landmark Land Co. v. Office of Thrift Supervision*, 990 F.2d 807, 811 (5th Cir. 1993) (alteration in original) (quoting *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). Accordingly, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) (per curiam); *see*

---

[8] Relying on *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), Appellants appear to argue that state, and not federal, law controls this court's res judicata analysis.  As the Supreme Court has clarified, however, *Semtek* stands for the proposition that "[t]he preclusive effect of a federal-court judgment"—in this case, the district court's *Comer I* decision—"is determined by federal common law." *Taylor*, 553 U.S. at 891 (citing *Semtek*, 531 U.S. at 507-08).  Further, the choice of law is not determinative, as Mississippi applies a similar res judicata test. *See Reid ex rel. Reid v. Am. Premier Ins. Co.*, 814 So. 2d 141, 145 (Miss. 2002) (en banc).

*United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) (declining to create an exception to res judicata for "those who have been prevented from obtaining the review to which they are entitled"); 18A CHARLES A. WRIGHT & ARTHUR D. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4427 (2d ed. 2012) ("[R]es judicata ordinarily attaches to a final lower-court judgment even though an appeal has been taken and remains undecided."); *cf. Johnson Steel St. Rail Co. v. William Wharton, Jr., & Co.*, 152 U.S. 252, 261 (1894) (holding that the "existence or nonexistence of a right, in either party, to have the judgment in the prior suit re-examined, upon appeal or writ of error, cannot, in any case, control" the "inquiry as to the conclusiveness of a judgment in a prior suit between the same parties").

"This court retains control over an appeal until we issue a mandate. Before our mandate issues, we have the power to alter or modify our judgment." *Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007) (per curiam) (citing *First Gibraltar Bank v. Morales*, 42 F.3d 895, 897 (5th Cir. 1995) (per curiam)). Accordingly, "[t]his court's decisions are 'not final until we issue a mandate.'" *United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008) (quoting *Charpentier*, 480 F.3d at 713). Absent the issuance of a mandate, "the original district court judgment remain[s] in effect." *Jackson*, 549 F.3d at 980.

"Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate." 5TH CIR. R. 41.3. Once "the panel decision is vacated," it is "of no precedential value." *United States v. Pineda-Ortuno*, 952 F.2d 98, 102 (5th Cir. 1992) (citing R. 41.3); *see Selvage v. Lynaugh*, 842 F.2d 89, 91 (5th Cir. 1988) ("The grant of a rehearing en banc vacates the panel opinion, which thereafter has no force."), *cert. granted in part on other grounds*, 493 U.S. 888 (1989), *vacated sub nom.*, *Selvage v. Collins*, 494 U.S. 108 (1990).

Here, the district court's judgment in *Comer I* was final for the purpose of res judicata because the district court properly entered final judgment, and that

judgment never was modified on appeal. The district court properly entered final judgment pursuant to FED. R. CIV. P. 58. Although this court issued a panel opinion reversing and remanding, in part, the district court, *see Comer*, 585 F.3d at 879-80, a member of this court "held mandate" before the scheduled "mandate pull date." This court then voted to grant rehearing en banc, in the process staying the issuance of a mandate and vacating the panel decision. *See* 5TH CIR. R. 41.3 (2010). Once this court determined that it lacked quorum, it issued an order dismissing the case, *see Comer*, 607 F.3d at 1055, and the clerk's office terminated the appeal "without judicial action."[9] The Supreme Court, in turn, denied Plaintiffs' petition for writ of mandamus. *In re Comer*, 131 S. Ct. at 902. At no point was the district court's judgment disturbed. Given that a district court judgment "is res judicata and entitled to full faith and credit unless and until reversed on appeal," *Fid. Standard*, 510 F.2d at 273, and that the district court's judgment in *Comer I* never was reversed or otherwise modified, the judgment was final for the purpose of res judicata. *See Landmark*, 990 F.2d at 811 (noting that a judgment in the first suit is final for the purpose of res judicata "*so long as the judgment remains unmodified*") (quoting *S. Pac. R.R.*, 168 U.S. at 48-49).

Appellants argue for an equitable exception on the basis that they did not receive meaningful appellate review in *Comer I*. However, such an exception is contrary to "the well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns." *IRS v. Teal (In re Teal)*, 16 F.3d 619, 622 n.6 (5th Cir. 1994) (per curiam); *see Munsingwear*, 340 U.S. at 39 (declining to create an equitable exception to res judicata for "those who have been

---

[9] Appellants do not maintain that they filed a motion requesting that this court vacate the judgment of the district court and direct dismissal of the case. *See* WRIGHT & MILLER, *supra*, at § 4433 ("[I]t is settled that if the parties fail to request such action and the appellate court merely dismisses the appeal, the judgment of the trial court continues to command preclusive effects.").

prevented from obtaining the review to which they are entitled"); *Moitie*, 452 U.S. at 400 ("This Court's rigorous application of res judicata . . . makes clear that this Court recognizes no general equitable doctrine, such as that suggested by the Court of Appeals[.]").  Given that the Supreme Court "recognizes no general equitable" exception to its "rigorous application of res judicata," *see id.*, Appellants' argument for one in this case is unavailing.

**B. On the Merits**

"Although a jurisdictional ruling is technically not an adjudication on the merits, '[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.'" *Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam) (alteration in original) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n.9 (1982)); *see Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978) (observing that "a judgment of dismissal usually has the effect of an adjudication on the merits").

Here, the district court's judgment was on the merits because the district court's  decision in *Comer I* adjudicated the jurisdictional issues of standing and justiciability, and "res judicata appl[ies] to jurisdictional determinations." *Minvielle*, 337 F. App'x at 435 (quoting *Ins. Corp. of Ireland*, 456 U.S. at 702 n.9); *see Kaspar,* 575 F.2d at 534.  Accordingly, "[a]lthough the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) (affirming the district court's *sua sponte*

dismissal, on the basis of res judicata, of a complaint raising claims that had been dismissed for lack of jurisdiction in a previously filed case).[10]

In sum, the district court correctly held that true res judicata bars Appellants' claims because the district court's judgment in *Comer I* was final and on the merits.   Because true res judicata compels good repose and bars Appellants' claims, we do not need to address whether collateral estoppel applies, *see Osherow*, 200 F.3d at 391, or decide Appellants' other claims. *See Ellis*, 211 F.3d at 938 n.1.

## IV. Conclusion

Accordingly, we AFFIRM on the basis of res judicata.

---

[10] Appellants argue that *Boone* is distinguishable because the plaintiffs in the first *Boone* suit did not appeal the dismissal.   However, Appellants' argument implicates the finality of the *Comer I* judgment, not whether it was on the merits.   As discussed above, the district court's *Comer I* decision was final for the purpose of res judicata.