# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50455
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2016

Lyle W. Cayce
Clerk

In the Matter of:  CAVU/ROCK PROPERTIES PROJECT I, L.L.C

Debtor

———————————

GOLD STAR CONSTRUCTION, INCORPORATED,

Appellant Cross-Appellee

v.

CAVU/ROCK PROPERTIES PROJECT I, L.L.C.,

Appellee Cross-Appellant

———————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-987

———————————

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50455

Creditor Gold Star and debtor Cavu/Rock appeal the rulings of the bankruptcy court. Gold Star asserts that the bankruptcy court erred (1) by failing to apply the doctrines of judicial estoppel and res judicata to the property valuation; (2) by finding its mechanic's lien to be invalid; and (3) by denying its motion to transfer venue. Cavu/Rock asserts that the bankruptcy court erred (1) by finding that Gold Star had an unsecured claim against Cavu/Rock for $743,382.29; and (2) by assessing costs against each party.

## I.

Cavu/Rock owned a residential housing development in Bakersfield, California (the "Property"). Gold Star entered a development agreement with Cavu/Rock to construct improvements on the Property. Gold Star commenced performance under the contract. Cavu/Rock became delinquent in its payments to Gold Star and eventually filed a Chapter 11 bankruptcy petition. Gold Star and Wells Fargo Bank filed proofs of claim in the bankruptcy proceeding. Wells Fargo's claim was secured by a deed of trust on the Property, while Gold Star asserted a mechanic's lien over the improvements. Cavu/Rock then brought an adversary proceeding challenging Gold Star's lien and claim. The bankruptcy court recognized Gold Star's claim for $743,382.29 but held the mechanic's lien invalid, making Wells Fargo the superior—and only—secured creditor. Both Gold Star and Cavu/Rock appealed to the district court, which affirmed the bankruptcy court's opinion and order.

## II.

"[A] bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Shankle*, 554 F. App'x 264, 266 (5th Cir. 2014).

No. 15-50455

III.

*a. Judicial Estoppel and Res Judicata*

Gold Star first argues that the bankruptcy court erred by failing to use the same property valuation for both the bankruptcy proceeding and the adversary proceeding. Gold Star invokes the doctrines of judicial estoppel and res judicata in support. "The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). "We review a judicial estoppel determination for abuse of discretion." *Id.* at 262.

Under the doctrine of res judicata, "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "The res judicata effect of a prior judgment is a question of law that we review *de novo." Comer*, 718 F.3d at 466.

In the bankruptcy proceeding, Cavu/Rock submitted feasibility projections as part of a reorganization plan pursuant to 11 U.S.C. § 1129. Cavu/Rock estimated a future value of $60,000 to $75,000 for each lot on the Property, for a total property value range of $8,040,000 to $10,050,000. The bankruptcy court accepted these projections and approved the plan. In the adversary proceeding, Cavu/Rock presented evidence valuing the Property between $2,100,000 and $2,600,000, pursuant to 11 U.S.C. § 506. Cavu/Rock argued that because Wells Fargo had a superior lien exceeding the value of the Property, any claim by Gold Star would be unsecured. Gold Star objects to these differing valuations under §§ 1129 and 506.

A valuation under § 1129 is "simply a set of projections offered in support of the plan's feasibility." *In re Heritage Highgate, Inc.*, 679 F.3d 132, 142 (3d

Cir. 2012). A § 1129 reorganization plan "provides for a debtor to retain and use collateral to generate income with which to make payments to creditors." *Id.* at 141-42. The purpose of § 506, on the other hand, is to provide for the "division of allowed claims supported by liens into secured and unsecured portions during the reorganization," and valuations under this section "must be based upon realistic measures of present worth." *Id.* at 142-43. The district court correctly held that the valuations under §§ 1129 and 506 are two distinct, separate valuations required for different purposes. The feasibility projections under § 1129 were based on Cavu/Rock's estimate of "monies to be realized from the sale of lots over time" and anticipated continued development of the Property. *Id.* at 143. The estimate under § 506, on the other hand, was based on an appraisal of the present fair market value of the Property. As a result, Cavu/Rock did not assume inconsistent positions by presenting two different valuations for two different purposes, nor does the bankruptcy court's acceptance of a § 1129 feasibility plan constitute a final judgment on the value of the Property under § 506. The doctrines of judicial estoppel and res judicata are not applicable.

*b. Mechanic's Lien*

Gold Star argues that the bankruptcy court erred in holding its mechanic's lien invalid under California law. "A 'mechanic' in this context is one who has supplied materials or labor for the improvement of real property (other than the property's owner), and includes a contractor." *Howard S. Wright Const. Co. v. BBIC Inv'rs, LLC*, 38 Cal. Rptr. 3d 769, 776 (2006). "To secure obligations owed by the owner to the mechanic pursuant to contract, the mechanic may file a lien on the improved property, which is sometimes referred to as the work of improvement." *Id.* At the time Gold Star recorded its lien, California law required that the lien be filed "after [the mechanic] completes his contract." Cal. Civ. Code § 3115, *repealed by* Stats. 2010, ch. 697 (S.B. 189),

§ 16, operative July 1, 2012. "[A] contract is complete for purposes of commencing the recordation period under section 3115 when all work under the contract has been performed, excused, or otherwise discharged." *Wright*, 38 Cal. Rptr. at 769. Here, the bankruptcy court found that Gold Star had not completed its obligations under the development agreement with Cavu/Rock, nor had Gold Star been otherwise discharged or excused, at the time it filed its lien. We find no clear error with this factual determination.

Because Gold Star had neither completed its obligations nor been discharged at the time of filing, the bankruptcy court determined that the mechanic's lien was premature and therefore invalid. This holding is consistent with California law. *See Wright*, 38 Cal. Rptr. 3d at 778 ("[R]ecordation was premature, unless the contract was 'complete[d]' within the meaning of section 3115 in some other manner before . . . recording.") (second alteration in original). Therefore, we find no error in the bankruptcy court's legal conclusion.

*c. Motion to Transfer Venue*

Finally, Gold Star argues that the bankruptcy court erred by denying its motion to transfer venue to the Eastern District of California. Gold Star concedes that venue was proper in the Western District of Texas but argues that the case should have been transferred to the district that encompassed the Property. A bankruptcy court's refusal to transfer a case is reviewed for abuse of discretion. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 339 (5th Cir. 2004). Here, the bankruptcy court held a hearing on the motion to transfer and thoroughly analyzed the relevant factors such as judicial economy and the efficient administration of the case, the proximity of creditors, debtors, and witnesses, the location of the assets, and the necessity of ancillary administration. The bankruptcy court concluded that all factors, when

No. 15-50455

considered together, weighed against transferring the case. We hold the bankruptcy court did not abuse its discretion in denying the motion to transfer.

IV.

*a. Allowed Unsecured Claim*

Cavu/Rock argues that the bankruptcy court erred by allowing Gold Star's unsecured claim for $743,382.29. "A bankruptcy court's valuation is largely a question of fact, as to which considerable latitude must be allowed to the trier of the facts." *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014) (internal quotation marks omitted). Here, the bankruptcy court relied on Gold Star's construction ledger to determine the amount of the claim. The bankruptcy court confirmed the ledger's accuracy by cross-referencing it against the invoices and checks exchanged by the parties. In contrast, the bankruptcy court was not able to confirm the accuracy of Cavu/Rock's own summary. The bankruptcy court's "account of the evidence is plausible in light of the record viewed as a whole." *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005). Therefore, the bankruptcy court's determination that Gold Star holds an allowable, unsecured claim is not clearly erroneous.

*b. Attorney's Fees and Costs*

Cavu/Rock appeals the bankruptcy court's order that each party bear its own costs and attorney's fees. We review orders regarding attorney's fees for abuse of discretion. *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005). Here, Cavu/Rock brought an adversary proceeding to declare Gold Star's lien invalid and to disallow its claim. The bankruptcy court found the lien invalid but allowed the claim. Because the bankruptcy court found for the plaintiff in part and for the defendant in part, it acted within its discretion in its assessment of costs. *See In re Corrugated Container Antitrust Litig.*, 756 F.2d 411, 418 (5th Cir. 1985).

No. 15-50455

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.