# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2023

Lyle W. Cayce
Clerk

No. 19-60651
Summary Calendar

Andre Funches, Sr.,

*Plaintiff—Appellant*,

*versus*

Mississippi Development Authority; Mississippi State
Personnel Board; Glenn McCullough, In Their
Individual Capacity; Jay McCarthy, In Their Individual
Capacity; Jennifer Sledge, In Their Individual
Capacity; Brian Daniel, In Their Individual Capacity,

*Defendants—Appellees*.

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 3:18-cv-645

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-appellant, Andre Funches Sr., appeals the district court's
order granting the above-named Defendants' motion for summary judgment

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissing Plaintiff's complaint. Because we agree with the district court that Plaintiff's action is barred by res judicata, we AFFIRM.

Plaintiff, Andre Funches Sr., was employed by the Defendant Mississippi Development Authority ("MDA") for seventeen years. After working in the Accounting and Finance, Grants Unit for approximately one year, he applied for the position of Bureau Manager I. However, MDA filled the position with an allegedly unqualified female under the age of forty. On June 21, 2018, Plaintiff filed suit, alleging that Defendants, MDA, and Mississippi State Personnel Board ("MSPB"), along with the individual defendants,[1] violated his civil rights (the "2018 lawsuit"). Plaintiff alleged claims for age discrimination, sex discrimination, hostile work environment, improper hiring practices and retaliation, disparate impact, and equal protection in violation of Article VII of the Civil Rights Act, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act ("ADEA"). He seeks actual and punitive damages, along with injunctive and declaratory relief, requesting that the court order MDA to promote him to the position of Bureau Manager I or to increase his pay to that of a Bureau Manager I.

On October 16, 2016, Funches filed his first suit in the U.S. District Court for the Southern District of Mississippi (the "2016 lawsuit"). In that suit, he asserted the same claims against the same defendants[2] and sought the same relief he seeks in this suit. Specifically, Plaintiff asserted claims for "Age discrimination, Gender/Sex Discrimination, Hostile Work Environment, Improper Hiring Practices and Retaliation, Disparate Treatment, Disparate Impact and Equal Protection." The district court in

---

[1] Plaintiff sued Defendants Deanne Mosley, Glenn McCullough, Jay McCarthy, Jennifer Sledge, Barbara Pepper, and Brian Daniel in their individual capacities.

[2] Plaintiff's 2016 complaint also named Deanne Mosley, but she was never properly served and was dismissed under Federal Rule of Civil Procedure 4(m).

No. 19-60651

the Southern District of Mississippi granted the Defendants' motion for "dismissal/summary judgment." Funches appealed the district court's order, and this Court dismissed his appeal for failure to prosecute on January 3, 2019.

On October 17, 2018, Defendants in the present suit filed a motion for summary judgment arguing that because Plaintiff's 2018 lawsuit asserts the same claims against the same parties advanced in his 2016 lawsuit, the present action is barred by the doctrines of res judicata and collateral estoppel.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[3] The test for res judicata has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[4]

The district court correctly concluded that all four elements are met here. The parties in both cases are identical or in privity. The final judgment on the merits in the 2016 lawsuit was rendered by a court of competent jurisdiction. Further, a comparison of the pleadings in the two cases reveal that the same claims or causes of action raised here were presented in the prior action. Accordingly, Plaintiff's present lawsuit is barred by res judicata.

---

[3] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[4] *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

No. 19-60651

For these reasons and those assigned in the district court's thorough and careful opinion, we AFFIRM the district court order.