# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50538
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2024

Lyle W. Cayce
Clerk

Lisa Lewis-Watson,

*Plaintiff—Appellant*,

*versus*

Christine E. Wormuth, *Secretary of the Army*; John F. Bash, *United States Attorney*; Merrick Garland, *U.S. Attorney General*; Solicitor General of the United States,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-1289

————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Lisa Lewis-Watson appeals claims related to her 2013 separation from employment with the Department of the Army and related loss of health insurance coverage, and her 2021 non-selections for two different federal jobs. The district court determined that her claims arising from her 2013

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

separation from employment were barred by res judicata, and that her claims arising from her 2021 employment non-selection were barred due to Lewis-Watson's failure to exhaust administrative remedies. We AFFIRM.

## I.

Lisa Lewis-Watson is a disabled, single mother who was previously employed by the Department of the Army.  On July 18, 2013, Lewis-Watson was terminated from that position and placed on a 30-day administrative leave. At the end of those 30 days, Lewis-Watson's employer-provided health insurance expired.  Based on these events, as well as for non-selection for other federal employment positions, Lewis-Watson filed charges of discrimination against her former employer with the Equal Employment Opportunity Commission ("EEOC") in 2014. The EEOC dismissed these claims, a decision which was affirmed on administrative appeal. Then, in 2017, Lewis-Watson filed suit for wrongful termination, retaliation, and workplace discrimination in federal district court based on the same conduct as the 2014 EEOC charges. These claims were similarly dismissed on summary judgment, and those rulings were affirmed on appeal. *See Watson v. Esper*, 793 F. App'x 277, 279 (5th Cir. 2019), *cert. denied sub nom Watson v. McCarthy*, 140 S. Ct. 2808 (2020).

In 2021, after the conclusion of her first lawsuit, Lewis-Watson applied for two federal employment positions. On February 9, 2021, Lewis-Watson applied for a medical-records specialist position with the Air Force Medical Readiness Agency at the Kelly Air Force Base in San Antonio, Texas.  On October 7, 2021, she applied for a medical-records administrator position with the Defense Health Agency in Falls Church, Virginia.  Lewis-Watson was not selected for either position.  Lewis-Watson never filed EEOC charges related to these 2021 non-selections.  Rather, Lewis-Watson filed suit in federal district court on December 2, 2022, asserting, *inter alia*,

claims for relief related to her 2013 separation from employment and related loss of health insurance coverage, and her 2021 employment non-selections.[1] Adopting the recommendation of the magistrate judge, the district court dismissed Lewis-Watson's claims with prejudice, determining that her claims related to her 2013 separation from employment were barred by res judicata, and that her claims arising from her 2021 employment non-selections were barred due to her failure to exhaust administrative remedies. Lewis-Watson timely appealed.

## II.

"We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim." *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 118–19 (5th Cir. 2023). Motions to dismiss evaluate the adequacy of the allegations in a complaint rather than the merits of the case, so we "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quoting *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015)); *see* Fed. R. Civ. P. 12(b)(6).

## III.

## A.

We begin with Lewis-Watson's attempt to relitigate claims related to her 2013 separation from employment and related loss of insurance coverage. "Under res judicata, a final judgment on the merits of an action precludes

---

[1] Lewis-Watson also challenged the October 2022 denial of her application for social security disability benefits. However, Lewis-Watson voluntarily conceded that the district court lacked subject matter jurisdiction to adjudicate her social security claim. The district court agreed and dismissed the social security claim without prejudice. Lewis-Watson does not appeal this determination.

the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Hous. Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013)). True res judicata, the doctrine applicable here, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id.* (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

True res judicata precludes litigation when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 467 (quoting *Test Masters*, 428 F.3d at 571). Additionally, this court has adopted the "transactional test" to determine whether two cases involve the same claim. *See Hous. Pro. Towing*, 812 F.3d at 447. "The transactional test focuses on whether the two cases are based on the same nucleus of operative facts." *Id.* (internal citations and quotations omitted). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

Here, we agree with the district court that Lewis-Watson's prior lawsuit precludes her from relitigating those issues in her current case. As to the first two prongs of true res judicata, the parties in both cases are identical, and Lewis-Watson does not challenge the prior court's jurisdiction. As to the third prong, the district court in Lewis-Watson's prior lawsuit granted summary judgment against Lewis-Watson, denied Lewis-Watson's

successive Rule 59 motions, and ultimately entered final judgment in the case. *See Watson v. Esper*, No. 5:17-CV-01280-OLG, 2019 WL 13254200 (W.D. Tex. Apr. 22, 2019). As noted, these decisions were upheld on successive appeals. Lewis-Watson contends that because the previous district court's order did not specify whether the dismissals were with or without prejudice, we must assume they were without prejudice and that she is free to relitigate those issues. However, "a dismissal is presumed to be with prejudice unless the order explicitly states otherwise." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993). Thus, as the district court correctly concluded, "[t]his is as final as a final judgment can get."

Finally, prong four is likewise satisfied. Lewis-Watson herself concedes that her "claims are actually the same" as her prior lawsuit. In an attempt to resist res judicata's preclusive effects, Lewis-Watson argues that she is now asserting additional *injuries* since the judgment in her prior case, and that she should be allowed to litigate these additional injuries. However, all of these injuries still stem from Lewis-Watson's termination of employment and her loss of employer-provided health insurance. In other words, Lewis-Watson's claims in both lawsuits revolve around the same set of interactions—i.e., the same nucleus of operative facts—between her ex-employer and herself. Therefore, under the transactional test, her prior lawsuit involved the "same claims" as her current lawsuit, and res judicata bars her current suit's adjudication.[2]

**B.**

---

[2] Lewis-Watson also cites *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008), and argues that it provides an applicable exception to res judicata's preclusive effect. However, *Sturgell* dealt with exceptions to the general rule regarding *nonparty* preclusion. *See Sturgell*, 553 U.S. at 893. Here, Lewis-Watson was a party to both actions, rendering *Sturgell* inapplicable.

We now turn to Lewis-Watson's claims related to her 2021 employment non-selections. In order to assert Title VII claims in federal court, a plaintiff "must [first] exhaust administrative remedies" by filling a charge with the EEOC within 180 days of the alleged violation and receiving a statutory notice of the right to sue. *See* 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Plaintiffs have "ninety days to file a civil action after *receipt* of such a notice from the EEOC." *See Taylor*, 296 F.3d at 379; 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379.

Lewis-Watson does not argue that she satisfied these requirements. Rather, Lewis-Watson argues that she should not be required to exhaust administrative remedies because she previously raised non-selection claims before the EEOC in 2014.  However, rather than excuse exhaustion, each allegedly discriminatory non-selection constituted a "discrete discriminatory act" that "start[ed] a new clock for filing charges alleging that act." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In short, Lewis-Watson was still required to exhaust administrative remedies related to her 2021 non-selections, regardless of her prior administrative exhaustion in 2014 related to other non-selection claims.

## IV.

We find no reversible error in the district court's decision to dismiss Lewis-Watson's claims. AFFIRMED.