[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14894
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80149-KLR

ROY DIXON,

Plaintiff-Appellant,

versus

BOARD OF COUNTY COMMISSIONERS
PALM BEACH COUNTY, FLORIDA,
PALM BEACH COUNTY PARKS
DEPARTMENT,
ROBERT WEISMAN,
in his individual and official capacity,
JON VAN ARNAM,
in his individual and official capacity,
ERIC CALL,
in his individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Roy Dixon, proceeding *pro se*, appeals the district court's order dismissing his complaint under 42 U.S.C. § 1983 as barred by *res judicata*.    For the reasons set forth below, we affirm.

I.

In 2010, Dixon filed an amended complaint against various parties associated with Palm Beach County, Florida, arguing, *inter alia*, that he was retaliated against for engaging in statutorily protected activity by being placed on suspension from his employment with the county as a park ranger.  The named defendants filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), and the court dismissed the complaint for failure to state a claim.  In 2011, Dixon filed an amended complaint ("2011 complaint") in a separate case, and he raised two claims relating to his termination from his employment as a park ranger due to his engagement in First Amendment activity. The district court, however, ordered that complaint stricken, as he had failed to obtain the court's consent before filing it.

In January 2012, Dixon filed a complaint ("January 2012 complaint") against Palm Beach County Parks Department, the Board of County Commissioners, Palm Beach County, and four Palm Beach County employees, in

2

their individual and official capacities, specifically, Robert Weisman, Eric Call, Jon Van Arnam, and Craig Murphy.[1]  Dixon raised, *inter alia*, two claims under § 1983 relating to his termination from his employment due to his engagement in First Amendment activity.  The defendants moved to dismiss Dixon's complaint under Rule 12(b)(6) as barred by *res judicata*, and the court agreed, dismissing his claims with prejudice.   Dixon did not appeal.

In February 2012, Dixon filed the instant complaint ("February 2012 complaint") against the same defendants he named in his January 2012 complaint. Dixon raised two counts under § 1983 against the defendants, and both claims were based on his allegation that the defendants terminated his employment due to his exercise of his constitutional rights under the First Amendment.  The district court again dismissed Dixon's complaint with prejudice on *res judicata* grounds.

## II.

On appeal, Dixon argues that the district court erred in holding that his February 2012 complaint was barred on *res judicata* grounds because no final judgment on the merits was entered with respect to his 2011 complaint, which was the first time he had raised claims based on the First Amendment.  Rather, the court ordered that his 2011 complaint be stricken.  He also argues the merits of his First Amendment claims.

---

[1]  All of the parties named in Dixon's January 2012 complaint are collectively referred to as the "defendants."

3

As an initial matter, we note that we have appellate jurisdiction over Dixon's appeal of the dismissal of his February 2012 complaint.  Fed.R.App.P. 4(a) requires that a notice of appeal be filed within 30 days after the judgment or order appealed from is entered.  *See* Fed.R.App.P. 4(a)(1)(A).  However, the 30-day appeal period does not begin to run until a final judgment is entered on a separate document, pursuant to Fed.R.Civ.P. 58 and 79(a).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001).  The district court's order dismissing his February 2012 complaint was entered on June 14, 2012, and Dixon's notice of appeal was filed on September 10, 2012.  Because the district court failed to enter a final judgment on a separate document, the judgment was not considered as entered on the docket, such that the 30-day period for filing a notice of appeal had begun to run, until 150 days had run from the entry of the court's order dismissing his complaint, on June 14, 2012.  Fed.R.Civ.P. 58(c)(2).  Thus, because Dixon's notice of appeal was filed on September 10, 2012, which was within 180 days of June 14, 2012, his notice of appeal is timely, such that we have appellate jurisdiction over his appeal.[2]

---

[2] We lack jurisdiction, however, to review the order striking Dixon's 2011 complaint filed in a separate case before the district court because this appeal as to that order is untimely under Fed.R.App.P. 4(a)(1)(A).  Although the court also failed to enter a separate judgment with respect to that case, the court's order was entered on July 26, 2011, and the instant notice of appeal was not filed within 180 days of that order.

We review a grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).  We also review *de novo* a district court's determination that a claim is barred by *res judicata*.  *Id.*  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and, thus, should be liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

The doctrine of *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  *Res judicata* bars a claim in a prior case if: (1) there was a final judgment on the merits rendered by a court that had jurisdiction; (2) the cases involved the same parties or those in privity with them; and (3) the same cause of action is involved in both cases.  *Id.*  Two cases are considered to involve the same cause of action if they arise out of the same nucleus of operative facts or are based upon the same factual predicate.  *Id.* at 1239.  A Rule 12(b)(6) dismissal with prejudice is an adjudication on the merits.  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013).  The *res judicata* consequences of a final, unappealed judgment on the merits are not altered by the

5

fact that the judgment may have been wrong. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 941 (2013).

Here, the doctrine of *res judicata* bars Dixon from relitigating the claims in his February 2012 complaint. The February 2012 complaint is identical in all relevant respects to the January 2012 complaint, as both complaints name the same defendants and contain the same two claims concerning the defendants allegedly violating Dixon's constitutional rights by terminating him for exercising his First Amendment rights. The district court dismissed the claims in the January 2012 complaint with prejudice on the grounds that they were barred by *res judicata*, and this operated as a final judgment on the merits. *See Lobo*, 704 F.3d at 893. Further, the district court had jurisdiction under 28 U.S.C. § 1331 to dismiss Dixon's claims in his January 2012 complaint, and Dixon does not dispute that the court had jurisdiction. Because the January 2012 and the February 2012 complaint involve the same parties and the same cause of action, and a court with jurisdiction rendered a final judgment with respect to the January 2012 complaint, Dixon's February 2012 complaint is barred by *res judicata*. *See Ragsdale*, 193 F.3d at 1238.

For the foregoing reasons, we affirm the dismissal of Dixon's February 2012 complaint on *res judicata* grounds.

**AFFIRMED.**

6