# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2022

Lyle W. Cayce
Clerk

No. 21-30494

BANK OF LOUISIANA, AND AFFILIATED PARTIES; G. HARRISON SCOTT; JOHNNY C. CROW,

*Plaintiffs—Appellants*,

*versus*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Defendant—Appellee*,

_____

BANK OF LOUISIANA; G. HARRISON SCOTT; JOHNNY C. CROW,

*Plaintiffs—Appellants*,

*versus*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:21-cv-779, 2:21-cv-1247, and 2:21-cv-1248

No. 21-30494

Before RICHMAN, *Chief Judge*, and COSTA and HO, *Circuit Judges*.
GREGG COSTA, *Circuit Judge*:

The Bank of Louisiana and two of its directors appeal the district court's dismissal of their complaints against the Federal Deposit Insurance Corporation (FDIC). The district court ruled that the complaints rehashed allegations that it had repeatedly held it lacked jurisdiction to consider. We affirmed those jurisdictional dismissals. The question is whether those earlier jurisdictional rulings have preclusive effect.

This appeal marks the Bank's latest attempt to overturn a series of orders by the FDIC penalizing the Bank for violating federal banking laws. In 2019, the Bank petitioned this court for direct review of those orders under a provision of the banking code which vests federal circuit courts with "exclusive" jurisdiction to review final orders by the Board. 12 U.S.C. § 1818(h)(2). We had jurisdiction over those direct appeals but remanded so the agency could consider an intervening Supreme Court ruling. *Bank of La. v. FDIC*, 919 F.3d 916, 920–21 (5th Cir. 2019) (describing the procedural history). Meanwhile, the Bank had sued the FDIC in district court, alleging several constitutional issues arising out of the same enforcement proceedings. The district court dismissed that suit for lack of subject matter jurisdiction, and we affirmed. *Id*. at 921. We explained that the Bank's constitutional claims were intertwined with the enforcement proceedings themselves and thus could not be brought in district court. *Id*. at 928.

One year later, the Bank filed another complaint against the FDIC in district court asserting the same constitutional violations. The Bank also twice requested that we transfer its direct appeals from the enforcement proceedings—both of which raised the same issues—to the district court. On all three occasions, we reiterated that the district court lacked jurisdiction to hear the Bank's claims. *See Bank of La. v. FDIC*, 807 F. App'x 360, 362 (5th Cir. 2020) (unpublished); *Bank of La. v. FDIC*, 832 F. App'x 323, 324

(5th Cir. 2020) (unpublished); *Bank of La. v. FDIC*, 841 F. App'x 735, 736 (5th Cir. 2021) (unpublished) ("We have already held that the district court properly dismissed the Bank's claims for lack of subject matter jurisdiction. . . . The Bank makes no attempt to grapple with our decision in *Bank of Louisiana* and it raises the very same arguments now as it did before us in that case.").

Undeterred by these rulings, the Bank filed three more complaints against the FDIC in district court.  The court consolidated all three cases and dismissed them—this time, under the doctrine of claim preclusion.  The bank appeals this latest dismissal, arguing that the prior jurisdictional rulings do not have preclusive effect.

But cases dismissed on jurisdictional grounds can have preclusive effect.  "It has long been the rule that principles of res judicata apply to jurisdictional determinations." *Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 n.9 (1982); *see also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) (affirming the district court's *sua sponte* dismissal, on the basis of res judicata, of claims that were dismissed for lack of jurisdiction in a prior case).

We have sometimes used the terms "claim preclusion" or "true res judicata" to describe the preclusive effect of jurisdictional rulings. *See, e.g.*, *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466, 469 (5th Cir. 2013).  But "issue preclusion" is the better framing. *See* 18A Charles Alan Wright et al., Federal Practice and Procedure § 4436 (3d ed. 2022) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.").  Issue preclusion makes more sense for jurisdictional rulings because the dismissal of a complaint for lack of jurisdiction does not "make the case res judicata on the substance of the asserted claim." *Boone*, 617 F.2d at 436; *see also Petro-Hunt,*

*L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (requiring a "final judgment on the *merits*" in the earlier suit for claim preclusion (emphasis added)).  If the jurisdictional problem is later fixed, the suit can be refiled. WRIGHT ET AL. § 4436 (recognizing that a claim dismissed on jurisdictional grounds does not bar  "a second action on the same claim that corrects the deficiency found in the first action"); *see Lopez v. Pompeo*, 923 F.3d 444 (5th Cir. 2019) (explaining that "when this court dismisses a case due to failure of one particular jurisdictional element, and the party later cures that jurisdictional defect and brings a new suit, res judicata does not bar the second suit"); *cf. Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 600 (2016) (explaining that a judgment, "which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff" once those issues are resolved (quoting RESTATEMENT (SECOND) OF JUDGEMENTS § 20 cmt. k (1980)).  For example, a suit over which a federal court lacks jurisdiction because of an insufficient amount-in-controversy can later be filed in state court.  *See Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (per curiam).  Or a case dismissed as premature may later ripen.  *Cf. DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 221 (5th Cir. 2021) (reinstating a case that the district court properly dismissed as unripe because it ripened during appeal).  That is why jurisdictional dismissals are without prejudice to refiling.  *See* FED. R. CIV. P. 41(b).

Preclusion principles do, however, bar relitigation of the same jurisdictional *issue* decided in a prior case.  *Boone*, 617 F.2d at 436; *Comer*, 718 F.3d at 469.  The Bank's new complaints aim to do just that.  Once again, the Bank contends there is district court jurisdiction over its constitutional claims against the FDIC.  That is the same issue we decided against the Bank in the prior suits.  The new complaints thus repeat rather than remedy the jurisdictional problem that warranted the earlier dismissals.  As a result, the previous rulings preclude these latest suits.

The judgment is AFFIRMED.