# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-50215

———————————

DOBBIN PLANTERSVILLE WATER SUPPLY CORPORATION,

*Plaintiff—Appellant*,

*versus*

PETER LAKE, *In his official capacity as Commissioner of the Public Utility Commission of Texas*; WILL MCADAMS, *In his official capacity as Commissioner of the Public Utility Commission of Texas*; LORI COBOS, *In her official capacity as Commissioner of the Public Utility Commission of Texas*; THOMAS GLEESON, *in his official capacity as Executive Director of the Public Utility Commission of Texas*; SIG MAGNOLIA L.P., *a Texas limited partnership*; REDBIRD DEVELOPMENT, L.L.C., *a Texas limited liability company*; COMMISSIONER JIMMY GLOTFELTY; COMMISSIONER KATHLEEN JACKSON,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-612

———————————————————————

Before JONES, DENNIS[*], and DOUGLAS, *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:

———————————————

[*] JUDGE DENNIS concurs in the judgment only.

The Public Utility Commission of Texas issued two orders decertifying territory from the certificate of convenience and necessity issued to Dobbin Plantersville Water Supply Corporation. Dobbin, the recipient of federal loans through 7 U.S.C. § 1926's lending program for rural water utilities, filed this lawsuit in federal court against the PUC's chairman and commissioners and the two developers that sought decertification. It averred that section 13.2541 of the Texas Water Code, under which the developers sought (and soon after obtained) decertification, is preempted by 7 U.S.C. § 1926(b), which grants monopoly protection to recipients of federal loans for "service provided or made available" during the term of the loan.

Early in the lawsuit, the district court dismissed Dobbin's 42 U.S.C. § 1983 claims against the PUC officials after concluding that the officials were not appropriate defendants under § 1983. At the summary judgment stage, the district court dismissed Dobbin's remaining claims, primarily on jurisdictional grounds, with prejudice. It concluded that Dobbin lacked a cause of action against the developers, and an injunction prohibiting the PUC from enforcing its decertification decisions would not redress Dobbin's injuries. We AFFIRM.

## I. Facts

### 1. Statutory background

Texas law authorizes the PUC to issue a certificate of convenience and necessity, or CCN, to a water utility, granting the utility the exclusive right to provide water service in a designated geographic area. *See* TEX. WATER CODE §§ 13.242, 13.244; *Tex. Gen. Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 133 (Tex. App.—Austin 2014, pet. denied). In exchange for that right, the utility must agree to "render continuous and adequate service within the area" and to "serve every consumer." TEX. WATER CODE § 13.250(a). If the utility fails to provide "water or sewer

service" to a landowner within its CCN, the landowner may, under section 13.2541 of the Water Code, "petition [the PUC] for expedited release of [its land] from" the CCN. If the petition is granted, the utility is entitled to compensation for the loss of its monopoly rights in an amount determined by an independent appraiser. *See* TEX. WATER CODE §§ 13.254(d), 13.2541 (f)–(h).

Federal law also features in this regulatory framework. Enacted in 1961, the Consolidated Farm and Rural Development Act authorizes the U.S. Department of Agriculture to "make or insure" loans to rural water and sewer utilities. 7 U.S.C. § 1926(a). It also provides, under a provision codified at 7 U.S.C. § 1926(b), that a utility that receives a federal loan for water or wastewater infrastructure enjoys monopoly protection for "[t]he service provided or made available" by the utility during the term of the loan. In *Green Valley Special Utility District v. City of Schertz*, this court, sitting *en banc*, determined that the protection provided by § 1926(b) applies only when a loan recipient can show that it "has (1) adequate facilities to provide service to the relevant area within a reasonable time after a request for service is made and (2) the legal right to provide service." 969 F.3d 460, 465 (5th Cir. 2020).

## 2. Factual background

Dobbin is a nonprofit water supply corporation. At the time it initiated this action, Dobbin held Certificate of Convenience and Necessity No. 11052, which granted it the exclusive right under state law to service certain areas in Montgomery County and Grimes County, Texas, situated north-northwest of Houston. When Dobbin took out two forty-year loans in 1997 from the USDA through the § 1926(a) lending program, the areas in question were rural or semi-rural. Both loans remain outstanding.

No. 23-50215

SIG Magnolia L.P. and Redbird Development L.L.C. are developers that each own several hundred acres of land within the original boundaries of Dobbin's CCN. In 2021, SIG and Redbird filed separate petitions with the PUC under section 13.2541 of the Texas Water Code seeking expedited streamlined release of their developments from Dobbin's CCN because they were not receiving water service. Dobbin intervened in both proceedings before the PUC, arguing that it was providing water service even though there were no "active water taps or facilities" on the properties.

The PUC granted each developer's petition for release. It found that the disputed "tract[s] of land [are] not receiving actual water service"; that "[t]here are no water or sewer meters, lines, or other facilities owned by [Dobbin] located within the tract[s]"; that Dobbin "has not committed or dedicated any facilities or lines to the tract[s] for water service"; that Dobbin "has no facilities or lines that provide water service to the tract[s]"; and that Dobbin "has not performed any acts for or supplied anything to the tract[s]." After issuing its decertification orders, the PUC scheduled proceedings to determine the compensation owed by the developers to Dobbin as a result of the orders. Dobbin, however, waived its right to receive compensation by failing to file an appraisal report in either proceeding.

Instead, Dobbin appealed the PUC's decisions to the Travis County district court on state law grounds. The appeals have been abated by agreement pending resolution of this lawsuit.[1]

_____

[1] Why the parties chose to abate the state law challenge to decertification is utterly mysterious. State courts are perfectly capable of resolving any alleged preemption by federal law of the state's CCN decertification process. *But see Green Valley*, 969 F.3d at 492 (Jones, J., concurring) (arguing that federal and state water law statutes are likely not in conflict).

4

Since their release from Dobbin's COA, SIG and Redbird have elected to obtain water service from a municipal utility district (MUD 180) and a municipality (the City of Montgomery), respectively.

### 3. Procedural background

While the developers' petitions were pending, Dobbin filed this lawsuit in the Western District of Texas against the PUC's chairman and commissioners, in their official capacities, and the two developers. Dobbin brought claims at equity, under 42 U.S.C. § 1983, and under the Declaratory Judgment Act. It sought an injunction prohibiting the PUC from considering SIG's and Redbird's pending petitions and, if the petitions were granted, from enforcing the decertification orders. It also sought a declaration that section 13.2541 of the Texas Water Code is preempted by 7 U.S.C. § 1926(b).

All defendants moved to dismiss. Agreeing that the PUC officials were not proper § 1983 defendants, the district court granted the officials' motion to dismiss Dobbin's § 1983 claim against them, but denied all other relief. The PUC then issued its two decertification orders, which mooted Dobbin's request for an injunction prohibiting the PUC from considering the pending motions and brought to the fore Dobbin's request for an injunction prohibiting the PUC from enforcing the decertification orders.

After the PUC issued the two decertification orders, the parties filed competing motions for summary judgment on all remaining clams. The district court granted the defendants' motions and dismissed the remaining claims with prejudice. It determined that (1) Dobbin lacked a cause of action for its claims against the developers based on violations of § 1926(b), (2) Dobbin's claim for declaratory relief against the PUC officials was barred by sovereign immunity because it was impermissibly retrospective under *Ex parte Young*, and (3) Dobbin lacked standing to request an injunction

prohibiting the PUC from enforcing the decertification orders because such an injunction would not redress Dobbin's injuries.

Dobbin appealed. In briefing before this court, Dobbin focuses on its claim for injunctive relief against the PUC.[2] Dobbin does not challenge the district court's conclusion that it lacked a cause of action against the developers, although it contends that its claims against the developers should have been dismissed without prejudice.

## II. Discussion

To circumvent the PUC officials' sovereign immunity through the *Ex parte Young* doctrine, Dobbin sought prospective relief against the PUC officials. The district court correctly held, however, that no such relief would redress Dobbin's injuries, so Dobbin lacked standing to pursue its claims at equity against the PUC officials. The district court also correctly dismissed Dobbin's § 1983 claim against the PUC officials in their official capacities, and did not abuse its discretion by dismissing the claims against the two developers, SIG and Redbird, with prejudice.

This court reviews a district court's grant of summary judgment de novo. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Legal questions relating to standing and mootness are also reviewed de novo." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013). And a district court's decision to dismiss with prejudice is reviewed for abuse of discretion. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009).

---

[2] Dobbin has not briefed, and therefore forfeits, any issue pertaining to the court's dismissal of the claim for declaratory relief.

No. 23-50215

## 1. Standing (PUC officials)

Dobbin contends that the district court erred by concluding that it lacks standing to seek an injunction prohibiting the PUC officials from enforcing the two decertification orders. We disagree.

Because the PUC's chairman and commissioners are state officials sued in their official capacities and have not consented to suit, they are protected by sovereign immunity unless their immunity has been abrogated by Congress or the *Ex parte Young* exception applies. *See Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (describing contours of sovereign immunity). Abrogation is not at issue here, only *Ex parte Young*, and *Young* limits the relief that Dobbin can seek against the PUC officials to prospective relief. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760 (2002) (indicating that the *Young* exception applies only when a plaintiff sues (1) a state official (2) seeking appropriate prospective relief (3) to remedy an ongoing violation of federal law). Dobbin requests injunctive relief prohibiting the PUC from enforcing the decertification order. This relief *is* prospective in nature, as required under *Young*. But the PUC officials respond that the relief would not redress Dobbin's injuries, and Dobbin thus does not have Article III standing to seek it.

The PUC officials are correct. To have standing, Dobbin "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016). To satisfy redressability, a plaintiff must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181, 120 S. Ct. 693, 704 (2000). "The relief sought

7

needn't completely cure the injury, however; it's enough if the desired relief would lessen it." *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019). But "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107, 118 S. Ct. 1003, 1019 (1998). Moreover, as the Supreme Court recently observed, "a plaintiff who suffers injuries caused by the government still may not be able to sue because the case may not be of the kind 'traditionally redressable in federal court.'" *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 n.1, 144 S. Ct. 1540, 1555 n.1 (2024) (quoting *United States v. Texas*, 599 U.S. 670, 676, 143 S. Ct. 1964, 1970 (2023)).

In accord with the first prong of standing, Dobbin is suffering an ongoing injury because the decertification orders issued by the PUC eliminated its right to serve SIG's and Redbird's developments and to exclude others from doing so. But enjoining the PUC officials from further enforcement of the two decertification orders would not redress Dobbin's injury, as required by the third prong. First, section 13.2541 of the Texas Water Code sets out the PUC's responsibilities when a landowner has petitioned for streamlined expedited release from a utility's CCN. Under that statute, once the PUC has granted a petition for release, as it did here, there is no further action or enforcement for the PUC to take. Second, no additional PUC authorization is required for a municipal utility district or municipality to service SIG's and Redbird's developments, now that they have been released from Dobbin's CCN. Both municipally owned utilities and municipal utility districts are excluded from the types of "utilities" that must obtain a CCN from the PUC as a prerequisite to providing retail water or sewer service to the public. *See* TEX. WATER CODE § 13.242(a); *see also id.* § 13.002(13) (defining "municipally owned utility"), (13-a) (defining "municipal utility district"). Consequently, neither MUD 180 nor the City

of Montgomery needs to obtain a CCN or any other authorization from the PUC to provide water service to the SIG and Redbird developments. In sum, enjoining the PUC's "enforcement" of the orders decertifying the two developments would be pointless: MUD 180 and the City of Montgomery may provide service regardless.

Dobbin counters by noting, correctly, that municipally owned utilities and municipal utility districts are required, under sections 13.242(a) and 13.247(a) of the Water Code,[3] to obtain a CCN before providing service within an area that is already receiving lawful service from another utility or an area that is certified to another utility. These provisions are, however, inapposite in this case because the PUC has *already* released the developers' properties from Dobbin's CCN. After the properties' release, the only way Dobbin could obtain real relief against the PUC (and prevent its competitors, MUD 180 and the City of Montgomery, from providing service within its former CCN) is through a ruling that invalidates the PUC's two decertification orders. But Dobbin has not sought such relief, because the invalidation of a final agency order is inherently retrospective and, thus, impermissible under *Young*. This court made that clear in *Green Valley*: "That relief—'the voiding of a final state' agency order—is 'quintessentially

---

[3] Section 13.242(a) provides, in part, that "a retail public utility may not furnish, make available, render, or extend retail water or sewer utility service to any area to which retail water or sewer utility service is being lawfully furnished by another retail public utility without first having obtained a certificate of public convenience and necessity that includes the area in which the consuming facility is located." *See also* Tex. Water Code § 13.002(a) (defining "retail public utility" to include "municipality" and "political subdivision").

Section 13.247(a) provides, in part, that "a municipally owned or operated utility may not provide retail water and sewer utility service within the area certificated to another retail public utility without first having obtained from the utility commission a certificate of public convenience and necessity that includes the areas to be served."

retrospective' and thus out of bounds under *Young*." 969 F.3d at 473 (citation omitted).

In Dobbin's view, this court's disposition of the *Young* issues in *Green Valley* favors its position, not the defendants'. It is true that in *Green Valley*, as here, the plaintiff requested "relief prospectively requiring the PUC Officials to refrain from taking future actions to enforce an unlawful order," but the court held only that this prospective relief was "possibly available" under the *Ex parte Young* exception to sovereign immunity. *Id.* at 472, 473. The *Green Valley* court moreover did not address the primary issue raised in this case, *viz.*, whether the prospective relief identified for purposes of the *Young* exception would redress the plaintiff's injuries.[4] The above discussion shows that, in this case, prospective relief would not avail Dobbin. Contrary to Dobbin's argument, *Green Valley* therefore does not resolve the standing issue in its favor.

Dobbin's invocation of two exceptions to mootness also fails. Dobbin contends that the capable of repetition yet evading review exception[5] and the

---

[4] The *Ex parte Young* issues in *Green Valley* also came before the court on review of the district court's denial of a *motion to dismiss*. *See id.* at 467. Here, by contrast, the standing issues, which overlap with the *Young* issues, were raised by the PUC officials in their *motion for summary judgment*, which the district court granted. And while "general factual allegations" suffice to establish standing at the motion to dismiss stage, at the summary judgment stage a plaintiff must set forth "specific facts" supported by evidence to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992) (citing FED. R. CIV. P. 56(e)).

[5] *See Turner v. Rogers*, 564 U.S. 431, 439–40, 131 S. Ct. 2507, 2515 (2011) (stating that the capable of repetition yet evading review exception applies only when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again" (alterations in original)).

collateral consequences exception[6] apply here, allowing it to bring claims for injunctive relief against the PUC.

These arguments are underdeveloped and unconvincing. Principally, the two exceptions to mootness do not resolve the redressability issues concerning Dobbin's request for an injunction prohibiting the PUC from enforcing the decertification orders. *See, e.g.*, *Johnson v. Moore*, 958 F.2d 92, 95 (5th Cir. 1992) ("The 'capable of repetition, but evading review' exception applies to some mootness problems, but is simply inapposite when a plaintiff lacks standing to seek the requested relief."). If Dobbin invokes the exceptions more broadly, in an attempt to revive its now-moot request for an injunction prohibiting the PUC from considering the pending motions to decertify, it has failed to show that either exception to mootness applies. Dobbin has not shown, for example, that it is likely to be subjected to the same action (a decertification proceeding) in the future. *See Turner v. Rogers*, 564 U.S. at 439–40, 131 S. Ct. at 2515. Nor has it shown that this court is capable of providing effective relief to remedy any collateral consequences of the decertification orders. *See Dailey*, 141 F.3d at 227.

Finally, Dobbin argues that it has standing to challenge a preempted state statute. The cases it cites for this argument support two propositions: first, that plaintiffs have an implied right of action to assert preemption claims; and second, that such claims fall within 28 U.S.C. § 1331's general grant of jurisdiction. *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 332–34 (5th Cir. 2005); *Verizon Maryland*, 535 U.S. at 641–44, 122 S. Ct. at 1758–60. They do not support the proposition that such claims are

---

[6] *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) ("Even if the plaintiff's primary injury has been resolved, the collateral consequences doctrine serves to prevent mootness when the violation in question may cause continuing harm and the court is capable of preventing such harm.").

viable in the absence of a means of redressing the plaintiff's injury. *See Sierra Club v. Peterson*, 185 F.3d 349, 362 n.15 (5th Cir. 1999) (noting that plaintiffs must establish both standing and statutory jurisdiction), *vacated*, 228 F.3d 559 (5th Cir. 2000) (*en banc*); *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 826 (D.C. Cir. 2007) (same); *Green Valley*, 969 F.3d at 494 (Oldham, J., concurring) (explaining that plaintiffs must establish both standing and the existence of a cause of action). Because Dobbin does not seek relief that would redress its injury, as explained above, it lacks standing to assert a preemption claim under Article III.

The district court correctly dismissed Dobbin's claim for injunctive relief against the PUC for lack of standing.

### 2. § 1983 claim (PUC officials)

Lack of Article III standing also dooms Dobbin's argument that it is a proper plaintiff, and the PUC officials are proper defendants, under § 1983. Case law establishes that "PUC officials [sued in their official capacities] are not proper § 1983 defendants." *Green Valley*, 969 F.3d at 475; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Under *Ex parte Young*, of course, this barrier to suit does not apply when the plaintiff seeks prospective relief against state officials in their official capacities. *Will*, 491 U.S. at 71 n.10, 109 S. Ct. at 2312 n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (citation omitted)). But Dobbin still lacks standing to pursue such prospective relief, for the reasons identified above. Whether Dobbin has a cause of action under § 1983 against the PUC officials is therefore beside the point.

Dobbin contends that this court's decision in *City of Safety Harbor v. Birchfield*, 529 F.2d 1251 (5th Cir. 1976) (holding that municipalities and political subdivisions are not proper parties under § 1983), should be overruled in light of the Supreme Court's subsequent decision in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978) (holding that municipalities and other local government units are "persons" under § 1983). Whatever the merits of this argument, overruling *Birchfield* would be futile in this case. We accordingly decline to do so, as we did in *Green Valley*, 969 F.3d at 474–75.

### 3. Dismissal with prejudice (SIG & Redbird)

Finally, Dobbin requests that the dismissal of its claims against SIG and Redbird with prejudice be converted to dismissal without prejudice. The district court dismissed these claims, which alleged violations of § 1926(b), because Dobbin lacked a cause of action against SIG and Redbird as private entities. Dobbin now apparently urges a distinct claim of conspiracy to deprive civil rights under § 1983. But it did not plead a conspiracy claim in its complaint, and the district court did not dismiss such a claim. As for the claims that Dobbin did plead against SIG and Redbird, the absence of a cause of action cannot be cured by amendment. The district thus court did not abuse its discretion by dismissing these claims with prejudice. *Club Retro*, 568 F.3d at 215 n.34; *see also Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (noting that leave to amend need not be granted when amendment would be futile).

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.