# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2025

Lyle W. Cayce
Clerk

No. 25-50713

———————

James Devins,

*Plaintiff—Appellant*,

*versus*

John Armstrong, Assistant Secretary, Bureau of Consular Affairs, U.S. Department of State, in his official capacity,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-178-ESC

———————————————————————

Before King, Higginson, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

IT IS ORDERED that the petition for panel rehearing is DENIED. The court's prior panel opinion, 161 F.4th 922 (5th Cir. 2025), is WITHDRAWN, and the following opinion is SUBSTITUTED therefor:

Plaintiff James Devins, proceeding *pro se*, filed this action in February 2025, challenging the denial of a visa for a foreign student he sought to sponsor under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.* The district court dismissed the complaint pursuant to Rule

12(b)(6), with prejudice, based on the doctrine of res judicata. The court did so because it had repeatedly determined in prior actions that it lacked subject matter jurisdiction over Devins's claims. We affirm the dismissal of Devins's claims, but the dismissal with prejudice was an abuse of discretion, which we reverse and remand.

## I.

Devins adheres to a "mystical understanding of religion and reality," a belief system he refers to as "the Plan." As part of his religious exercise, he seeks to sponsor Rita Raut, a 23-year-old Nepali citizen, and provide her "parental and patriotic guidance" as well as "spiritual and intellectual mentorship." Devins met Raut in 2018 and has endeavored since 2021 to assist her in pursuing university studies in the United States. As part of these efforts, Raut interviewed at the U.S. Embassy in Kathmandu on three occasions in 2021, 2022, and 2023. On each occasion, she applied for an F-1 student visa, and all three applications were refused by consular officials under 8 U.S.C. § 1184(b).

After the last denial in 2023, Devins initiated his first action, suing the Director of United States Citizenship and Immigration Services to seek reconsideration of the visa denial. *See Devins v. Jaddou*, 5:23-CV-152-OLG, 2024 WL 88004 (W.D. Tex. Jan. 8, 2024) (adopting 2023 WL 9132334 (W.D. Tex. Nov. 30, 2023)). The district court dismissed the suit without prejudice, determining that Devins lacked an injury that would confer standing. *See Devins*, 2023 WL 9132334, at *2–*3. Devins then filed a second lawsuit, this time against the Assistant Secretary of State for Consular Affairs. *See Devins v. Bitter*, 5:24-CV-257 (W.D. Tex. Oct. 2, 2024). Devins alleged a violation of his rights under RFRA. *See id.*; *see also* 42 U.S.C. §§ 2000bb *et seq.* The district court dismissed this second suit without prejudice for lack of subject matter jurisdiction, concluding that Devins

lacked standing and that any injury he suffered would not be redressable under the consular nonreviewability doctrine.

The instant action is Devins's third attempt to challenge Raut's 2023 visa denial.  He again alleges a violation of his rights under RFRA and again sues the Assistant Secretary of State for Consular Affairs seeking reconsideration of the visa denial.  Devins alleges no new facts or injury since the final visa denial in 2023.  His operative complaint requests that the district court (1) retroactively approve Raut's 2023 visa application by engrafting RFRA's standards into the determination process, (2) institute a "vetting" process requested by Devins to demonstrate his "religious sincerity and trustworthiness," (3) update Raut's visa-related records, and (4) appoint a liaison in the Kathmandu consulate to assist Raut in procuring the visa.  The Secretary moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In weighing the motion to dismiss, the district court observed that Devins's cases arose from the same facts and alleged the same claim against identical defendants.  Accordingly, the court raised *sua sponte* the doctrine of res judicata and concluded that the dismissals of Devins's first two actions for lack of subject matter jurisdiction had preclusive effect on the court's jurisdiction in this case.  The district court further concluded that Devins could not cure his lack of standing by substituting new agencies as defendants or alleging new causes of action, so the court dismissed Devins's claim with prejudice.

## II.

We review *de novo* the dismissal of a claim under Rule 12(b)(6).  *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015).  "A district court's decision to dismiss with prejudice is reviewed for abuse of discretion."

*Dobbin Plantersville Water Supply Corp. v. Lake*, 108 F.4th 320, 325 (5th Cir. 2024).

## A.

Res judicata is typically interposed by a defendant as an affirmative defense. FED. R. CIV. P. 8(c)(1). Generally, dismissal under Rule 12(b)(6) based on res judicata "is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

However, res judicata dismissal may also be raised by the district court "in the interest of judicial economy where both actions were brought before the same court." *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001) (internal citation omitted). In fact, "if all relevant data and legal records are before the court, the demands of comity, continuity in the law, and essential justice *mandate* judicial invocation of the principles of res judicata." *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025) (internal quotation marks omitted). Here, the Secretary did not plead res judicata as an affirmative defense, and Devins did not challenge his failure to do so; all three of Devins's actions have proceeded before the same court (and the same judge); and "the res judicata bar is apparent from the complaint and judicially noticed facts." *Anderson*, 953 F.3d at 314. Thus, the district court properly invoked res judicata as a basis for dismissal.

Yet Devins devotes the bulk of his briefing on appeal to the merits of his RFRA claim and perceived defects in Raut's visa process. Those issues could be relevant if the district court had improperly applied res judicata. But the primary issue before us is whether that court's application of res judicata was proper; we need not probe the correctness of the court's earlier decisions, or wade into the merits of Devins's RFRA claim. *See Comer v.*

*Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (noting that applicability of res judicata "does not depend on whether or not the prior judgment was right"); *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Dismissal of a claim based on res judicata is proper if "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Devins does not dispute that the first and second elements are met. Therefore, we address only the last two.

Devins contends that the earlier dismissals were not "final judgments on the merits," either because they concerned jurisdiction or because they were without prejudice. Neither contention holds water. Dismissal for lack of standing *is* a final judgment on the merits for res judicata purposes. *Comer*, 718 F.3d at 469; *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 702 n.9 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."). And dismissals for lack of jurisdiction, even without prejudice, still exert res judicata effect as to those jurisdictional issues, if not the underlying merits. *Bank of La. v. FDIC*, 33 F.4th 836, 838 (5th Cir. 2022); *see also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."). While this preclusive effect might be negated had Devins demonstrated that

he now has standing, *see Lopez v. Pompeo*, 923 F.3d 444, 447 (5th Cir. 2019), his operative complaint alleges no new developments since 2023, much less anything that would change the district court's prior standing analysis. Devins's lack of standing to bring his claim has thus been conclusively addressed by a prior final judgment on the merits.

And the "same claim or cause of action was involved" if Devins's cases share "the same nucleus of operative facts." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007); *Test Masters*, 428 F.3d at 571. They do. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Davenport*, 484 F.3d at 326. Devins's serial actions concern the same visa denial, assert the same cause of action, and target the same defendant. Thus, the instant action constitutes the same claim or cause of action as Devins's prior actions, and res judicata dismissal was proper.

**B.**

It remains to consider the district court's dismissal of Devins's latest claim with prejudice. Of course, dismissal for lack of jurisdiction is normally without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020); *but see Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879 (5th Cir. 1986) (upholding dismissal for lack of jurisdiction with prejudice where Louisiana law did not grant plaintiffs a cause of action). At the same time, dismissal with prejudice is typically appropriate when a claim is conclusively barred by res judicata. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993); *see also Wilder Corp. of Del., Inc. v. Rural Cmty. Ins. Servs.*, 494 F. App'x 487, 490 (5th Cir. 2012).

The bedrock principle of res judicata is that courts have the power to enforce the finality of their prior judgments. *See Brown v. Felsen*, 442 U.S.

127, 131 (1979) ("Res judicata ensures the finality of decisions."). For precisely this reason, some courts have recognized that res judicata dismissal may typically (or even necessarily) be done with prejudice. *See, e.g.*, *Winget v. JP Morgan Chase Bank, N.A.*, 57 F.3d 565, 573 (6th Cir. 2008); *Dixon v. Bd. of Cnty. Comm'rs of Palm Beach Cnty.*, 518 F. App'x 607, 610 (11th Cir. 2013); *Bush v. Phila. Redev. Auth.*, 2022 WL 17691563, at *1 n.5 (3d Cir. Dec. 15, 2022). And it is true that a dismissal for lack of jurisdiction operates as a final judgment as to that question for purposes of res judicata. *See Bank of La.*, 33 F.4th at 838; *Boone*, 617 F.2d at 436. However, when a court dismisses an action for lack of jurisdiction, that is a recognition that the court *lacks the power to act* on the merits of a claim—including by dismissing the claim with prejudice. *See Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018). "[D]ismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims." *Id.* (cleaned up).

No precedent squarely governs whether the res judicata dismissal of Devins's third case should have been with or without prejudice. Dismissal with prejudice would certainly seem fitting at first glance: Devins has failed after multiple attempts to demonstrate a cognizable injury based on the denial of another person's visa application, or to show that any federal law grants him a cause of action for the review of otherwise unreviewable consular visa decisions. *See Calvary Albuquerque Inc. v. Rubio*, 136 F.4th 1217, 1230 (10th Cir. 2025) (rejecting the argument that RFRA authorizes judicial review of consular visa decisions), *vacated on other grounds*, 154 F.4th 1246 (10th Cir. 2025). The district court had already twice conclusively determined that Devins lacked standing, yet he launched this third action alleging no new claims, no new defendants, and no new facts that might allow him to evade the res judicata bar. *See Lopez*, 923 F.3d at 447. The district court's decision to dismiss with prejudice was thus hardly an overreaction.

Nevertheless, "[u]nder our precedent, dismissals based on jurisdictional issues must, by their very nature, be without prejudice." *Abdullah v. Paxton*, 65 F.4th 204, 208 n.3 (5th Cir. 2023); *see also Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 396 (5th Cir. 2024); *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022); *Mitchell*, 982 F.3d 937, 944 (5th Cir. 2020); *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). This is especially true when dismissal is for lack of standing, as litigants may later demonstrate standing. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." (internal quotation marks omitted)); *see also Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023); *A&R Eng'g & Testing, Inc. v. Scott*, 72 F.4th 685, 691 n.1 (5th Cir. 2023); *Gibson v. United States*, 809 F.3d 807, 811 (5th Cir. 2016). Because the district court's dismissal of Devins's prior actions only determined that he lacked standing to challenge denial of the visa, the district court continued to lack power to act on Devins's third set of claims, even if res judicata dismissal was proper. Accordingly, the district court abused its discretion by dismissing Devins's claims with prejudice.

We stress the narrowness of this ruling, cognizant of the rare posture of this case and the limited precedent. While Devins's claims were dismissed for lack of standing, there may be other cases in which dismissal based on lack of jurisdiction "may simultaneously be a judgment on the merits," such that a later res judicata dismissal would be tantamount to dismissal with prejudice. *Brownback v. King*, 592 U.S. 209, 218 (2021); *see also* Kevin Song, Note, *Preclusive Jurisdictional Dismissals*, 119 Nw. U. L. Rev. 1703, 1722 (2025). We also recognize that, among the unusual features of this case, Devins is a pro se plaintiff who failed to amend his prior complaints; insofar as his claims may be viable should he demonstrate standing, dismissal with prejudice on

that threshold basis is not warranted for such a litigant. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("To penalize [a pro se litigant] for less-than-perfect pleading is a clear violation of the rule that courts must liberally construe pro se pleadings."). Finally, nothing in our above analysis limits a district court's fashioning other deterrents for curbing repetitive, meritless, or abusive litigation, including imposition of pre-filing injunctions or sanctions.

\* \* \*

In this case, the third time is not the charm; it is an attempt to relitigate Devins's standing to bring his claim—a matter conclusively adjudged by the district court twice before. The district court's dismissal of Devins's instant claim on res judicata grounds was thus appropriate.

Under the circumstances, however, the district court abused its discretion in dismissing Devins's action with prejudice. Accordingly, we reverse the dismissal with prejudice and remand for the district court to dismiss Devins's claims without prejudice.

AFFIRMED in part; REVERSED and REMANDED in part.